IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEYOWN PRYOR,                              :
                                          :
            Plaintiff,                    :
                                          :
                                          :        Case No. 2:26-cv-623
        v.                                :        Chief Judge Sarah D. Morrison
                                          :        Magistrate Judge S. Courter M. Shimeall
                                          :
NATHAN BURTON, *et al.*,                  :
                                          :
            Defendants.                   :

## REPORT AND RECOMMENDATION

Plaintiff Keyown Pryor sues three officers of the Ross Correctional Institution—

Defendants Nyasia Jenkins, Nathan Burton, and John Doe Supervisor—for constitutional and state

law violations from an incident during which Plaintiff was allegedly assaulted by another inmate.

This matter is before the Court for the initial screen of Plaintiff's Complaint (ECF No.1)

as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Plaintiff advances six Counts: (1) an Eighth and Fourteenth Amendment individual-

capacity claim for damages against Defendants Jenkins and Burton for cruel and unusual

punishment and excessive force: (2) an Eighth and Fourteenth Amendment individual-capacity

claim for damages against Defendants Jenkins and Burton for failure to protect or, in the

alternative, deliberate indifference; (3) an Eighth and Fourteenth Amendment individual-capacity

claim for damages against Defendants Jenkins and Burton for deliberate indifference to medical

needs; (4) an individual-capacity claim for supervisory liability under 42 U.S.C. § 1983; (5) a state

law claim for negligent hiring, retention, supervision, and training against Defendant John Doe

Supervisor; and (6) a state law claim for negligence and/or willful, wanton, and reckless conduct against all Defendants.

Having performed the initial screen of the Complaint required by 28 U.S.C. § 1915A, the Undersigned **RECOMMENDS**, at this juncture, the matter can proceed on all six of Plaintiff's Counts.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

2